IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WALTER W. JOHNSON**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. **3:09-CV-0357-L** |
| v. | § | |
| | § | |
| **ENJOY THE CITY, INC.**, | § | |
| | § | |
| Defendant. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court are:  (1)  Enjoy the City, Inc.'s Motion for Summary Judgment, filed December 7, 2009; (2) Plaintiff's Motion to Strike Enjoy the City Company's Reply to Plaintiff's Opposition to Motion for Summary Judgment, filed January 15, 2010; and (3) Enjoy the City, Inc.'s Motion for Leave to File Supplemental Appendix, filed February 5, 2010.   After carefully considering the motions, record, and applicable law, the court **denies** Enjoy the City, Inc.'s Motion for Summary Judgment, **denies** Plaintiff's Motion to Strike Enjoy the City Company's Reply to Plaintiff's Opposition to Motion for Summary Judgment, and **denies** Enjoy the City, Inc.'s Motion for Leave to File Supplemental Appendix.

**I.      Factual and Procedural Background**

Plaintiff Walter W. Johnson ("Plaintiff" or "Johnson") filed his Original Complaint on February 24, 2009.  He alleges violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. ("ADEA"), by Defendant Enjoy the City, Inc. ("Enjoy the City").  Johnson contends that Enjoy the City both discriminated and retaliated against him in violation of the ADEA.

Enjoy the City is in the coupon book fundraising business.  It compiles coupon books that are sold by its employees.  Johnson was hired by Enjoy the City in September 2006.  He contends that he was fired on December 22, 2006; at that time, he was fifty-five years old.  Plaintiff argues that he was fired for making a complaint relating to another employee, Mary Dunning.  Johnson alleges that he and Dunning were having sales stolen from them by other employees, that Dunning complained that this was based upon age, and that he also made a complaint regarding these sales to the CEO of Enjoy the City, Ann Stanton.  Enjoy the City maintains that Johnson was fired because his sell-through rate did not meet performance standards and because he failed to timely closeout his sales.

## II.    Legal Standard – Motion for Summary Judgment

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party.  *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).  Further, a court "may not

make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

**Memorandum Opinion and Order – Page 3**

### III.    Analysis

Before reaching the merits of Plaintiff's claims, the court addresses procedural issues regarding Defendant's reply.  With its reply, Enjoy the City filed a supplemental appendix.  Johnson has moved to strike the reply; Enjoy the City has moved for leave to file its supplemental evidence.

The court declines to consider arguments or evidence raised for the first time in a reply brief. *Spring Indus., Inc. v. American Motorists Ins.*, 137 F.R.D. 238, 239 (N.D. Tex.1991).  "It follows that a reply brief that presents dispositive evidence by way of new affidavits and exhibits deprives the nonmovant of a meaningful opportunity to respond." *Id.*  Although Defendant does not oppose giving Plaintiff an opportunity to respond, this case is set for trial next month.  Defendant had the opportunity to submit this evidence with its motion, but it did not.  The court will not delay the trial by permitting further briefing on this issue but will allow this evidence to be considered by a jury.

### A.    Discrimination Claim

#### 1.    Legal Standard

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a *prima facie* case of employment discrimination under the ADEA for discharge, Plaintiff must prove that:  "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." *Berquist v. Washington Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007) (citing *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004)).  Once a plaintiff establishes a *prima*

*facie* case, the defendant must set forth a legitimate, nondiscriminatory reason for the employment action it took against the plaintiff. *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005). This is a burden of production, not persuasion, on the defendant's part, and it "can involve no credibility assessment." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993). If the defendant meets this burden, the plaintiff must establish that the employment action occurred because of intentional age discrimination. *Machinchick*, 398 F.3d at 350. This means that a plaintiff bringing a disparate-treatment claim under the ADEA must prove "that age was the but-for cause of the challenged adverse employment action." *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2352 (2009) (internal quotation marks omitted).

### 2.     Analysis

Defendant assumes *arguendo* that Plaintiff has made a *prima facie* case of discrimination and contends that it had a legitimate, nondiscriminatory reason for terminating his employment. Because the parties do not contest this issue, the court also assumes that Johnson has set forth a *prima facie* case of discrimination.

Accordingly, the court moves to the next step. Defendant contends that it fired Johnson because he did not meet company sales quotas and because he did not timely close out his sales. Defendant has submitted the Stanton affidavit to support its contention. In response, Johnson argues that these reasons are pretextual. He contends that pretext can be shown by his positive performance evaluations, by Defendant's failure to document his claimed performance problems, by Defendant's shifting explanations for the termination decision, and by the suspect timing of his termination after his complaints about stolen sales. In support, he has presented e-mails from Stanton that reflect his good job performance.

The court determines that Plaintiff's evidence raises a genuine issue of material fact with respect to whether Defendant's proffered reason for terminating his employment was pretextual. To resolve this issue, credibility issues must be resolved, and the court cannot make those determinations at the summary judgment stage. Accordingly, the court determines that Defendant's motion with respect to Plaintiff's discrimination claim should be denied.

**B.     Retaliation Claim**

**1.     Legal Standard**

To establish a *prima facie* case of retaliation, a plaintiff must demonstrate that: (1) he engaged in activity protected by the ADEA; (2) he experienced an adverse employment action; and (3) a causal link existed between the protected activity and the adverse employment action. *Grizzle v. Travelers Health Network, Inc.*, 14 F.3d 261, 267 (5th Cir. 1994).

**2.     Analysis**

Although Defendant moves for summary judgment on all of Plaintiff's claims, it does not specifically address his retaliation claim or even address the legal standard for such a claim. Plaintiff argues that he complained about Dunning's treatment, which he contends is protected activity, and was fired days later, showing a causal connection. The court determines that Defendant has failed to carry its burden to show that judgment as a matter of law is appropriate on this claim; to the contrary, it determines that Plaintiff has raised genuine issues of material fact with respect to his retaliation claim. Accordingly, it determines that Defendant's motion with respect to this claim should also be denied.

**IV.     Conclusion**

For the reasons stated herein, the court **denies** Enjoy the City, Inc.'s Motion for Summary Judgment, **denies** Plaintiff's Motion to Strike Enjoy the City Company's Reply to Plaintiff's Opposition to Motion for Summary Judgment, and **denies** Enjoy the City, Inc.'s Motion for Leave to File Supplemental Appendix.

**It is so ordered** this 10th day of March, 2010.

_____
Sam A. Lindsay
United States District Judge